IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGEL SLOAN-LITTLE, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| | : NO. 1:11-CV-2313-TWT-ECS |
| BANK OF AMERICA, | : |
| CITIFINANCIAL SERVICES INC., | : |
| Defendants. | : |

**FINAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court the motion to dismiss filed by Defendant Bank of America (hereinafter "Defendant"). [Doc. 6]. For the reasons discussed herein, **IT IS RECOMMENDED** that Defendant's motion, [Doc. 6], be **GRANTED**, and that Plaintiff's complaint be dismissed.

**I.**
**Background**

On May 26, 2011, Plaintiff Angel Sloan-Little ("Plaintiff") filed a complaint against Defendants Bank of America[1] and

---

[1] Bank of America, N.A., the entity on behalf of which counsel has entered an appearance and filed motions, notes that "Plaintiff's Complaint fails to identify which Bank of America entity this action is filed against." [Doc. 6-1 at 1 n.1]. Bank of America, N.A. notes, however, that because "Bank of America, N.A. [successor by merger] to BAC Home Loans Servicing, LP is the current holder of the Security Deed that is the subject of this action, BOA presumes . . . that Plaintiff intended to name Bank of America, N.A. as a defendant in this action." [Id.]. If Plaintiff's complaint should survive the District Court's consideration of the motion to dismiss despite the undersigned's recommendation for dismissal,

Citifinancial Services Inc. in the State Court of Dekalb County, alleging violations of various Georgia state laws and the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692 et seq.. Plaintiff's claims all arise out of Plaintiff's home loan and subsequent non-judicial foreclosure on her property. [Doc. 1 at 12]. Plaintiff states that "[t]his action is brought by alleged mortgage loan borrowers, whose alleged mortgaged residential property are (sic) the object of collateral in the form of a lien on real property on record by the Defendant(s), possibly a stranger to the alleged mortgage note." [Id.].

On July 15, 2011, Defendant Bank of America removed the case to this Court. [Doc. 1]. In the notice of removal, Defendant notes that the state court docket does not reflect that Defendant Citifinancial has been served. [Id. at 4]. Defendant alleges removal jurisdiction based on diversity of citizenship and federal question. [Id. at 3, 7]. Defendant filed the instant motion to dismiss Plaintiff's complaint, [Doc. 6], on the same day as the petition for removal. Defendant's motion is unopposed, Plaintiff having failed

---

Plaintiff should be allowed to amend her complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to name Bank of America, N.A. as Defendant. "The naming of the parent corporation in lieu of the subsidiary[] corporation is not fatal to Plaintiff's claims for relief at this stage of the proceedings." Cannady v. Automatic Data Processing, Inc., 1:05-cv-2855-WSD, 2006 WL 3422424 at *11 (N.D. Ga. 2006).

2

to respond to the motion within the time allowed. LR 7.1B, NDGa. For the reasons discussed herein, the undersigned **RECOMMENDS** that Defendant's motion to dismiss, [Doc. 6], be **GRANTED**, and that Plaintiff's complaint be **DISMISSED**.

## II.
## Discussion

### A.  Standard for Rule 12(b)(6) Dismissal

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). When considering such a motion, a court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. M.T.V. v. DeKalb Cnty. Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006) (citation omitted); Fuller v. Johannessen, 76 F.3d 347, 349-50 (11th Cir. 1996). Although the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1965. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption

3

that all the allegations in the complaint are true (even if doubtful in fact)." Id.

**B. Plaintiff's FDCPA Claims**

　**1. Defendant's Collection of Its Own Debt**

Defendant argues that Plaintiff's complaint fails to state a claim for relief because the FDCPA applies only to "debt collectors" and not to "[c]reditors collecting upon their own accounts." [Doc. 6-1 at 11].

The FDCPA "applies only to 'debt collectors' and not to creditors or mortgage servicers." Hennington v. Greenpoint Mortg. Funding, Inc., Nos. 1:09-cv-676-RWS, 1:09-cv-962-RWS, 2009 WL 1372961 at *6 (N.D. Ga. May 15, 2009). A defendant is not a debt collector where it is attempting to collect its own debt from the plaintiff. Id. The Security Deed attached to Defendant's motion to dismiss shows that Bank of America is the lender for Plaintiff's loan. [Doc. 1 at 30].[2] Accordingly, because Defendant's activity involved its attempts to collect its own debt, Defendant did not engage in debt collection activity under the Act. See Hennington, 2009 WL 1372961 at *6.

---

　　[2] On a motion to dismiss, the Court may consider documents that are central to the plaintiff's claims and that are referenced in the motion to dismiss. Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997).

4

**2. Defendant's Foreclosure on a Security Interest**

Even if Defendant could be considered to be a debt collector under the FDCPA, the undersigned nevertheless would find that Defendant's actions did not constitute "debt collection" under the Act. In this regard, Defendant argues that Plaintiff's complaint should be dismissed for failure to state a claim because "the Eleventh Circuit has concluded that 'foreclosing on a security interest through the foreclosure process is not debt collection for purposes of the [FDCPA].'" [Doc. 6-1 at 12] (citing Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460 (11th Cir. 2009)).

Although the FDCPA does not set forth a definition of "debt collection," the Eleventh Circuit in Warren, 342 F. App'x at 458, citing numerous other courts' decisions, held that "foreclosing on a security interest is not debt collection" within the ambit of the FDCPA. Id. at 460; accord Acosta v. Campbell, No. 6:04-cv-761, 2006 WL 3804729 at *4 (M.D. Fla. Dec. 22, 2006) ("Nearly every court that has addressed the question has held that foreclosing on a mortgage is not a debt collection activity for the purposes of the FDCPA.").

In this case, Plaintiff's complaint centers on an allegation of a wrongful foreclosure. Because foreclosing on a mortgage is not "debt collection" under the FDCPA, see Warren, 342 F. App'x at 460,

5

Acosta, 2006 WL 3804729 at *4, **IT IS RECOMMENDED** that Plaintiff's FDCPA claims[3] be **DISMISSED**.

**C. Plaintiff's State Law Claims**

**1. Plaintiff's Good Faith and Fair Dealing Claim**

In Count I of her complaint, Plaintiff alleges that "[a] mortgage contains an[] implied covenant of good faith and fair dealing on the part of the mortgagee," and that Defendants "had no standing to modify the loan or foreclose this property." [Doc. 1 at 20]. This claim is due to be dismissed, however, because Georgia law does not recognize a separate cause of action for a party's alleged failure to act in good faith. Stuart Enters. Int'l, Inc. v. Peykan, Inc., 252 Ga. App. 231, 222-34 (2001).[4] Further, to the extent Plaintiff's claim invokes the obligation of good faith under the Uniform Commercial Code, O.C.G.A. § 11-1-203, that code section applies to the sale of goods but not to "the financing of residential lots." Lake Tightsqueeze, Inc. v. Chrysler First Fin. Servs. Corp., 210 Ga. App. 178, 180 (1993). Accordingly, **IT IS RECOMMENDED** that Count I of Plaintiff's complaint be **DISMISSED**.

---

[3] Plaintiff's FDCPA claim is not brought as a separate count, but instead as a "general allegation[] to all counts." See [Doc. 1 at 17] (citing [Pl's Compl. ¶ 9]).

[4] Rather, such a claim would be embedded in a breach of contract claim, which has not been brought by Plaintiff. Stuart, 252 Ga. App. at 233.

AO 72A
(Rev.8/82)

### 2. Plaintiff's Fraud in the Inducement Claim

Count II of Plaintiff's complaint alleges that "Defendant(s) (sic) had an absolute right to be told of any collateralization, securitization, or making a derivative of, the alleged mortgage as the collateralization, securitization, or making a derivative of the promissory note reduces the value of the property thereby interfering with Plaintiff(s) (sic) property interest." [Doc. 1 at 20]. Plaintiff alleges that "[t]he failure of the lender to advise Plaintiff(s) (sic) of the above constitutes fraud in the inducement." [Id. at 21].

This claim is also due to be dismissed. The federal rules require that claims of fraud "state with particularity the circumstances constituting [the] fraud." Fed. R. Civ. P. 9(b). A plaintiff satisfies this heightened pleading standard by setting forth the following:

> (1) Precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

7

Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997) (internal quotation omitted). In this case, Plaintiff has not set forth these four things. She has not specified who made the statements, when the statements were made, how she was misled, and what Defendants obtained as a result of the alleged fraud.

Further, even if Plaintiff had met the heightened pleading requirements for a claim of fraud, her claim would still be due to be dismissed. She asserts that her "reliance on the silence of Defendant[5] . . . has resulted in a diminishment of Plaintiff(s) (sic) properly (sic) interest," [Doc. 1 at 21], but the fact that Plaintiff's mortgage may have been "pooled with other loans into a securitized trust . . . would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan." Searcy v. EMC Mortg. Corp., [Doc. 11 at 2], 1:10-cv-00965-WBH (N.D. Ga. Sept. 30, 2010). Accordingly, **IT IS RECOMMENDED** that Count II of Plaintiff's claim be **DISMISSED**.

### 3. Plaintiff's Unfair Trade Practice Claim

In Count III of her complaint, Plaintiff alleges that "[t]he filing of a mortgage foreclosure and claiming that the Defendant owns or holds the note, when the note has been collateralized,

---

[5] In some places of Plaintiff's complaint, she refers to a singular Defendant, though she does not specify which Defendant.

8

securitized or made a derivative of, is an unfair trade practice." [Doc. 1 at 22]. This claim is also due to be dismissed.

No such statute exists under the name "Unfair Trade Practice," nor does Plaintiff reference a particular statute by code section. If Plaintiff intends to refer to the Georgia Fair Business Practices Act ("GFBPA"), which prohibits "[u]nfair or deceptive practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce," O.C.G.A. § 10-1-393(a), Plaintiff's claim fails. As Defendant observes, the GFBPA "does not apply in extensively regulated areas . . . , such as . . . required disclosures by lenders" or in "residential mortgage transactions." Zinn v. GMAC Mortg., 1:05-cv-1747-MHS (N.D. Ga. Feb. 21, 2006).

Even if the GFBPA did apply, Plaintiff "has asserted no facts which show that any other member of the consuming public was harmed by the defendants' alleged practices and acts," despite the fact that the GFBPA "does not encompass suits . . . which occur in an essentially private transaction." Id. (internal citation omitted). Finally, as discussed, Plaintiff has not specified how securitization of her loan has reduced the value of her property, which is the basis of her "Unfair Trade Practices" claim. See [Doc. 1 at 22] (alleging under her "Unfair Trade Practices" claim that "Defendant is participating in a fraud upon the court as it does not

9

own the alleged promissory note exclusively"). Accordingly, **IT IS RECOMMENDED** that Count III of Plaintiff's claim be **DISMISSED**.

### 4. Plaintiff's Declaratory Judgment Act Claim

In Count IV, Plaintiff seeks declaratory judgment because "Defendant converted Plaintiff(s) (sic) property by collateralization, securitization, or making derivative of the promissory note without notice to Plaintiff(s)." [Doc. 1 at 23]. However, this claim fails because this argument - that the deed is rendered unenforceable by the alleged placement of her loan into a securitized pool - has been considered and rejected by several of the judges in this Court and is without legal merit. E.g., Searcy, 1:10-cv-00965-WBH, [Doc. 11], ("While it may well be that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure.") (Hunt, J.); Lefont v. SunTrust Mortg., Inc., 2:10-cv-036-RWS-SSC, 2011 WL 679426 at *1-2 (N.D. Ga. Jan. 27, 2011) (Cole, J.) (dismissing complaint based on pooling of securities allegation), adopted by Lefont, 2011 WL 674749 (N.D. Ga. Feb. 16, 2011) (Story, J.); Martin v. Citimortgage, 1:10-cv-00656-TWT-AJB, 2010 WL 3418320 at *3, *9 (N.D. Ga. Aug. 3, 2010) (Baverman, J.),

10

adopted by Martin, 2010 WL 3418322 (N.D. Ga. Aug. 25, 2010)(Thrash, J.). Accordingly, **IT IS RECOMMENDED** that Count IV of Plaintiff's complaint be **DISMISSED**.

### 5. Plaintiff's Temporary Injunctive Relief Claim

Finally, Count V of Plaintiff's complaint seeks "temporary injunctive relief against Defendant(s)," requesting that Defendants be made to "Cease and Desist all attempts to take Plaintiff(s) (sic) property and payments to service contracts that may not be valid." [Doc. 1 at 23]. This claim also fails because a district court may grant injunctive relief only if the moving party shows the following:

> (1) she has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). As considered and rejected above, Plaintiff's securitization argument does not have merit, much less a "substantial likelihood" of success on the merits. Id.; accord Searcy, 1:10-cv-00965-WBH, [Doc. 11]. Accordingly, **IT IS RECOMMENDED** that Count V of Plaintiff's claim be **DISMISSED**.

11

**III.
Rule 4(m) and Defendant Citifinancial Services**

The undersigned **RECOMMENDS** that Defendant Citifinancial be **DISMISSED** from the action under Rule 4(m). Federal Rules of Civil Procedure Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The record reflects no service upon Defendant Citifinancial within 120 days of filing. Because Plaintiff has failed to effect service upon Defendant Citifinancial within 120 days of the filing of her complaint, this Court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED without prejudice** as to Defendant Citifinancial, *with this Report & Recommendation constituting notice of dismissal as required under Rule 4(m)*.[6] See Fed. R. Civ. P. 81(c)(1) (noting that the federal rules "apply to a civil action after it is removed from a state court").

---

[6] In recommending that Plaintiff's complaint be dismissed, the undersigned also observes that, aside from the case style, nowhere in Plaintiff's complaint does Citifinancial's name appear, nor are there allegations directed specifically at conduct by Citifinancial. Thus, it would appear that the claims against Citifinancial would also be subject to dismissal on motion to dismiss. Therefore, it would be futile for the Court to allow more time for service under Rule 4(m).

12

**IV.**
**Conclusion**

For the reasons discussed above, **IT IS RECOMMENDED** that Defendant's motion to dismiss, [Doc. 6], be **GRANTED**, and that Plaintiff's complaint, [Doc. 1], be **DISMISSED**. With no matters pending before the undersigned, the Clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

**SO REPORTED AND RECOMMENDED**, this 28th day of December, 2011.

 s/ *E. Clayton Scofield*  
E. CLAYTON SCOFIELD III  
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)